UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

GLORIA CONNORS,

          Plaintiff,

    v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

          Defendants.

Case No. 16-CV-04663-LHK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 23

Plaintiff Gloria Connors ("Plaintiff") sues Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") for violation of the Fair Credit Reporting Act ("FCRA"). Before the Court is Defendant's motion to dismiss. ECF No. 23. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for January 19, 2016, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss.

I.    **BACKGROUND**

A.    **Factual Background**

On July 25, 2014, Plaintiff filed for Chapter 13 bankruptcy. ECF No. 16 (First Amended Complaint, or "FAC"), at ¶ 87. "Chapter 13 of the Bankruptcy Code affords individuals receiving

1

regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690. In the instant case, Plaintiff's bankruptcy plan was confirmed on November 17, 2014. FAC ¶ 91. Plaintiff does not allege that her debt has been discharged.

On March 20, 2016, Plaintiff ordered a three-bureau credit report from Experian. *Id.* ¶ 92. In the report, Plaintiff allegedly noticed that three trade lines reported "inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards." *Id.* ¶ 93. In response to the report, on April 12, 2016, Plaintiff disputed the allegedly inaccurate trade lines with the three credit reporting bureaus: Equifax, Experian, and Trans Union, LLC. *Id.* ¶ 94. According to Plaintiff, "Plaintiff's dispute letter specifically put each Creditor on notice that Plaintiff had filed for bankruptcy and the account was not reporting the bankruptcy accurately or worse not at all." *Id.* ¶ 95. Moreover, Plaintiff's dispute letter "noted that there should not be any past due balance reported, the account should not be listed as charged off, transferred or sold, with an inaccurate monthly payment or that the account is in collections." *Id.*

On June 20, 2016, Plaintiff ordered a second three-bureau credit report from Experian. *Id.* ¶ 103. Plaintiff alleges that Wells Fargo Bank, National Association ("Wells Fargo") "was reporting Plaintiff's account, beginning in 6506xxxx, with a balance owed in the amount of $16,848.00, and a past due balance owed in the amount of $963.00, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization." *Id.* ¶ 98. Plaintiff further alleges that Wells Fargo's "claim was to be treated as a non-priority general unsecured claim" and that Wells Fargo "didn't file proof of claim." *Id.* Plaintiff states "Plaintiff has therefore made all payments required to [Wells Fargo] under the plan[, Wells Fargo] is currently owed $0.00 under the plan and Plaintiff is not past due in the amount of $963." *Id.*

Plaintiff also alleges that Wells Fargo "was reporting Plaintiff's account, beginning in

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

4465xxxx, with a balance owed in the amount of $3,363.00, and a past due balance owed in the amount of $2,471.00, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization where [Wells Fargo] is only entitled to 4% of its claim or $154.55 NOT $3,363." *Id.* ¶ 99.  Further, Plaintiff alleges that "the past due balance continues to INCREASE every month Plaintiff remains in Chapter 13," which Plaintiff alleges "does not comport with well recognized industry standards." *Id.*

**B.     Procedural History**

On August 12, 2016, Plaintiff filed a Complaint in this Court against Experian, Equifax, and Wells Fargo.  ECF No. 1.  Plaintiff asserted a cause of action under the FCRA against each Defendant, and Plaintiff asserted a cause of action under the CCRAA against Wells Fargo.  *See id.* at ¶¶ 21–39.

On September 13, 2016, Experian moved to dismiss the Complaint.  ECF No. 7.  Rather than respond to Experian's motion to dismiss, Plaintiff filed on October 4, 2016 an amended complaint.  *See* FAC.  Accordingly, on November 3, 2016, this Court denied Experian's motion to dismiss as moot.  ECF No. 23.

On November 3, 2016, Experian moved to dismiss the FAC.  ECF No. 23 ("Def. Mot.").  On November 30, 2016, Plaintiff filed a response to Experian's motion to dismiss.  ECF No. 26 ("Pl. Opp.").  On December 21, 2016, Experian filed a reply.  ECF No. 34 ("Def. Reply").

On November 7, 2016, Plaintiff filed a notice of voluntary dismissal of Equifax.  ECF No. 24.  On November 21, 2016, Wells Fargo answered the FAC.  ECF No. 25.

**II.     LEGAL STANDARD**
        **A.  Motion to Dismiss Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1061, 1064 (9th Cir. 2011).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179 1183 (9th Cir. 2004).

### B.  Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

4

## III.    DISCUSSION

Plaintiff asserts a FCRA claim against Experian.  Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)).  To ensure that credit reports are accurate, the FCRA imposes duties both on credit reporting agencies ("CRAs") and "on the sources that provide credit information to [CRAs], called 'furnishers' in the statute."  *Id.*  In the instant case, Experian does not dispute that it qualifies as a consumer reporting agency under the FCRA.

The obligations of CRAs are described in 15 U.S.C. § 1681i.  Under that section of the FCRA, CRAs must conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report.  15 U.S.C. § 1681i(a); *see also Thomas v. TransUnion, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (discussing the reinvestigation requirements for CRAs under the FCRA).  Specifically, within 30 days of receiving a notice about a consumer dispute, a CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file."  15 U.S.C. § 1681i(a)(1)(A).  Additionally, a CRA is required to "provide notification of the dispute to any person who provided any item of information in dispute" so that the furnisher may conduct its own investigation as required by § 1681s-2(b).  *See* § 1681i(a)(2)(A).  The FCRA creates a private right of action for willful or negligent noncompliance with its provisions.  *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

Additionally, a plaintiff must establish "that an actual inaccuracy exist[s] for a plaintiff to state a claim" for a violation of § 1681i.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  Thus, even if a CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's "claims fail as a matter of law."  *Carvalho*, 629 F.3d at 890.

Experian argues Plaintiff's FAC must be dismissed because Plaintiff fails to identify any

United States District Court
Northern District of California

1   inaccurate or misleading statements in Plaintiff's credit report.  In response, Plaintiff argues that

2   "[t]he information that was being reported on Plaintiff's credit report after the confirmation of

3   [Plaintiff's] chapter 13 plan of financial reorganization was both inaccurate and misleading and

4   does not comport with the industry standards that cover credit reporting and bankruptcy."  Pl.

5   Opp. at 2.  Specifically, Plaintiff asserts that "Plaintiff's confirmed chapter 13 plan modifies

6   [Plaintiff's] secured and unsecured debts and the confirmation order is a final and binding

7   judgment on the status of those debts" and that "[r]eporting a debt differently than its treatment

8   runs afoul of the confirmation order and res judicata effect of the confirmation order."  *Id.* at 3.

9   　　　The Court has repeatedly rejected Plaintiff's argument.  In *Blakeney v. Experian Info.*

10  *Sols., Inc.*, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016), this Court held that although reporting

11  delinquent payments may be misleading if the debts have been discharged in bankruptcy, "it is not

12  misleading or inaccurate to report delinquent debts that have *not* been discharged."  *Id.* at \*5.  In

13  *Jaras v. Experian Info. Sols., Inc.*, 2016 WL 7337540, at \*3 (N.D. Cal. Dec. 19, 2016), this Court

14  held that "as a matter of law, it is not misleading or inaccurate to report delinquent debts during

15  the pendency of a bankruptcy proceeding prior to the discharge of the debts."  Other courts in this

16  district have consistently reached the same conclusion.  *See Mortimer v. JP Morgan Chase Bank,*

17  *N.A.*, 2012 WL 315563, at \*3 (N.D. Cal. Aug. 2, 2012) ("*Mortimer I*") ("While it might be good

18  policy in light of the goals of bankruptcy protection to bar reporting of late payments while a

19  bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); *Mortimer v.*

20  *Bank of Am., N.A.*, 2013 WL 1501452, at \*4 (N.D. Cal. Apr. 10, 2013) ("*Mortimer II*") (finding

21  that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the

22  creditor reports that the account was discharged through bankruptcy and the outstanding balance is

23  zero); *Giovani v. Bank of Am., N.A.*, 2012 WL 6599681, at \*6 (N.D. Cal. Dec. 18, 2012) ("*Giovani*

24  *I*") (holding that it was not misleading or inaccurate for a furnisher to report overdue payments on

25  debtor's account during pendency of Chapter 7 bankruptcy petition but prior to discharge);

26  *Giovanni v. Bank of Am., N.A.*, 2013 WL 1663335, at \*6 (N.D. Cal. Apr. 17, 2013) ("*Giovanni*

27  *II*") (same); *Harrold v. Experian Info. Sols., Inc.*, 2012 WL 4097708, at \*4 (N.D. Cal. Sept. 17,

28

United States District Court
Northern District of California

6

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   2012) ("[R]eports of delinquencies in payment while bankruptcy proceedings are still ongoing is

2   not 'incomplete or inaccurate' information.").

3       As discussed at length in *Jaras*, *Blakeney*, and other cases, the legal status of a debt does

4   not change until the debtor is discharged from bankruptcy.  11 U.S.C. § 1328; *Blakeney*, 2016 WL

5   4270244, at *6 ("Plaintiff is not entitled to receive a discharge of debts covered under Plaintiff's

6   Chapter 13 bankruptcy plan until Plaintiff has completed all payments provided for under the

7   Chapter 13 bankruptcy plan.").  Confirmation of a payment plan is not sufficient to alter the legal

8   status of a debt, because if a debtor fails to comply with the Chapter 13 plan, the debtor's

9   bankruptcy petition can be dismissed, in which case the debt will be owed as if no petition for

10  bankruptcy was filed.  *See In re Blendheim*, 803 F.3d 477, 487 (9th Cir. 2015) ("[D]ismissal

11  returns to the creditor all the property rights he held at the commencement of the Chapter 13

12  proceeding."); *see also Elliott*, 150 B.R. at 40 ("[E]ven if a confirmed Chapter 13 plan did bar

13  challenges to the underlying claims, *res judicata* would not apply where the confirmed plan had

14  been dismissed.").  Thus, a confirmation order does not constitute a final determination of the

15  amount of the debt, and it is not misleading or inaccurate to report delinquent debt during the

16  pendency of a bankruptcy proceeding but before discharge.  In short, even if Plaintiff is correct

17  that Plaintiff's credit report did not reflect the terms of Plaintiff's Chapter 13 bankruptcy plan, this

18  would not be an inaccurate or misleading statement that could sustain a FCRA claim against

19  Experian.

20      Plaintiff's invocation of "industry standards" does not undermine this conclusion.  FAC ¶

21  80 ("Post confirmation the accepted accurate credit reporting standard for reporting balances is to

22  report the balance owed under the Chapter 13 plan terms.").  Indeed, this Court recently rejected

23  an identical "industry standards" argument in *Devincenzi v. Experian Information Solutions*, 2017

24  WL 86131, at *6 (N.D. Cal. Jan. 10, 2017); *see also Keller v. Experian Info. Solus.*, 2017 WL

25  130285, at *7 (N.D. Cal. Jan. 13, 2017) (following *Devincenzi*).  As this Court explained in

26  *Devincenzi*, courts in this district have repeatedly held that accurately reporting a delinquent debt

27  during the pendency of a bankruptcy is not rendered unlawful simply because a Plaintiff alleges

28

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

that the reporting, though accurate, was inconsistent with industry standards. *Id.* For example, in *Mortimer II*, the court held that "[t]o the extent that the account was delinquent during the pendency of the bankruptcy, failure to comply with the CDIA guidelines does not render the report incorrect." 2013 WL 1501452, at *12. Similarly, in *Sheridan v. FIA Card Services, N.A.*, 2014 WL 587739 (N.D. Cal. Feb. 14, 2014), the court followed *Mortimer* in "reject[ing] the argument that failure to comply with industry standards violates the FCRA where the information itself is nonetheless true." *Id.* at *5. Additionally, in *Mestayer v. Experian Information Solutions*, *Inc.*, 2016 WL 7188015 (N.D. Cal. Dec. 12, 2016) ("*Mestayer III*"), the court held that at least when a credit report acknowledges the existence of a pending bankruptcy, reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading "even if [the report] otherwise did not fully comply with" industry standards. *Id.* at *3; *see also Mestayer v. Experian Info. Solus., Inc.*, 2016 WL 3383961 (N.D. Cal. June 20, 2016) (same); *Hupfauer v. Citibank, N.A.*, 2016 WL 4506798 (N.D. Ill. Aug. 19, 2016) (citing *Mortimer* for the proposition that "Plaintiff's argument that Experian's reporting deviated from guidelines set by the Consumer Data Industry Association is beside the point, as these guidelines do not establish the standards for accuracy under the FCRA."). The same is true here. *See Devincenzi*, 2017 WL 86131, at *6.

Plaintiff cites *Nissou-Raban v. Capital One Bank (USA), N.A.*, 2016 WL 4508241 (S.D. Cal. June 6, 2016), for the proposition that alleging a violation of reporting standards can in some circumstances be sufficient to state a claim under the FCRA. However, *Nissou-Raban* held only that if a furnisher reports a debt that is the subject of a pending bankruptcy, it could be misleading for the furnisher to describe that debt as "charged off"—that is, seriously delinquent and likely uncollectable—rather than to specify that the debt is the subject of a pending bankruptcy. *Id.* at *4. Thus, at most, *Nissou-Raban* stands for the proposition that a furnisher that reports delinquent debts during the pendency of a bankruptcy should also report the fact that a bankruptcy is pending so that creditors know that those delinquent debts may be discharged in the future. However, *Nissou-Raban* does not endorse Plaintiff's argument that reporting a delinquent debt itself violates industry standards and is misleading or inaccurate. *Devincenzi*, 2017 WL 86131, at *6

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    (distinguishing *Nissou-Raban* from a situation where, as here, the plaintiff alleged only that the

2    defendant's reporting of plaintiff's delinquent debt during plaintiff's Chapter 13 bankruptcy

3    violated industry standards and was thus incorrect under the FCRA).  On the contrary, *Nissou-*

4    *Raban* explicitly recognized that "pleading facts that show a furnisher reported information that

5    was accurate while bankruptcy was pending but before the debt was discharged does not, as a

6    matter of law, provide the predicate inaccuracy necessary to state a FCRA or a CCRAA claim."

7    *Nissou-Raban*, 2016 WL 4508241, at *3.

8          The issue in *Nissou-Raban* is therefore not presented in the instant case.  Plaintiff alleges

9    generally that, on Plaintiff's three-bureau credit report, "[s]ome accounts . . . [were] not reporting

10   the bankruptcy . . . at all," FAC ¶ 95, but Plaintiff never specifies which accounts failed to mention

11   the pending bankruptcy.   Indeed, although Plaintiff's FAC offers some specifics regarding how

12   Wells Fargo reported Plaintiff's accounts, Plaintiff never alleges that Wells Fargo failed to report

13   Plaintiff's pending bankruptcy.  *See id.*  More importantly, Plaintiff never alleges that Experian

14   failed to report Plaintiff's pending bankruptcy.  *See generally* FAC ¶¶ 94–101; Def. Mot. at 8

15   ("While Plaintiff alleges that she ordered a 'three bureau' report from Experian, she does not

16   allege that Experian reported the purportedly inaccurate information in that document," as

17   opposed to the other bureaus).  Accordingly, because Plaintiff's FAC does not allege that Experian

18   failed to report the fact of Plaintiff's pending bankruptcy, the Court need not consider whether

19   such a failure would be misleading or inaccurate under the FCRA.  *Devincenzi*, 2017 WL 86131,

20   at *7 (dismissing identical FCRA claims because the Plaintiff "never allege[d] that [the furnisher]

21   or Experian failed to mention the pending bankruptcy"); *Keller*, 2017 WL 130285, at *7 (same).

22         In sum, Plaintiff's vague assertion that "reporting a past due balance post confirmation

23   does not comport with industry standards," FAC ¶ 125, is not enough to overcome this Court's

24   consistent holding that as a matter of law it is not misleading or inaccurate to report a delinquent

25   debt during the pendency of a bankruptcy.  Thus, the Court rejects Plaintiff's argument that her

26   credit report was misleading or inaccurate for reporting delinquent debt during the pendency of her

27

28

9

Chapter 13 bankruptcy.[1]  *See Devincenzi*, 2017 WL 86131, at *7.

The Court therefore GRANTS Experian's motion to dismiss Plaintiff's FCRA claim based on the reporting of delinquent debt during the pendency of a bankruptcy.  The Court finds as a matter of law that reporting a delinquent debt during the pendency of a bankruptcy is not inaccurate or misleading, and thus these claims are dismissed with prejudice.  *See Jaras v. Experian Info. Solus., Inc.*, 2016 WL 7337540, at *3 (N.D. Cal. Dec. 19, 2016) ("[A]s a matter of law, it is not misleading or inaccurate to report delinquent debts during the pendency of a bankruptcy proceeding prior to the discharge of the debts.").  Therefore, because Plaintiff "cannot make a prima facie case of inaccurate reporting" with respect to this claim, the Court finds that "amendment . . . would be futile."  *Carvalho*, 629 F.3d at  892.

Nonetheless, as discussed above, Plaintiff has also alleged generally that certain accounts in the June 20, 2016 credit report contained no indication at all that the debts were the subject of a pending bankruptcy.  Plaintiff has not alleged any specifics regarding these accounts, or that these allegations apply to Experian.  Therefore, the Court does not consider these allegations at this time or decide whether they would be sufficient to state a claim.  However, the Court grants leave to amend for Plaintiff to clarify whether this allegation applies to Experian, and, if so, to provide more detail regarding these allegations.  *Devincenzi*, 2017 WL 86131, at *7 (granting Plaintiff leave to amend FCRA claims to allege whether the furnisher or Experian failed to report Plaintiff's bankruptcy).  In doing so, however, the Court warns that Plaintiff must provide "much more specific allegations" regarding what precisely Experian reported and how these reports could be misleading, including production or detailed description of "the actual credit report to which" Plaintiff objects.  *Mestayer III*, 2016 WL 7188015, at *3.  If Plaintiff fails to correct these deficiencies, this claim too will be dismissed with prejudice.

## IV.    CONCLUSION

---

[1] Because the Court agrees with Defendant that it is not misleading or inaccurate to report delinquent debt during the pendency of a Chapter 13 bankruptcy, the Court need not reach Defendant's argument that Plaintiff has failed to sufficiently plead willfulness or actual damages. *See* Def. Mot. at 12–13.

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1    For the foregoing reasons, the Court GRANTS Experian's motion to dismiss.  The Court

2 DISMISSES WITH PREJUDICE Plaintiff's FCRA claim based on the reporting of delinquent

3 debt during the pendency of a bankruptcy.  The Court DISMISSES WITH LEAVE TO AMEND

4 Plaintiff's FCRA claim based on failure to report the fact of a pending bankruptcy.

5    Should Plaintiff elect to file an amended complaint curing the deficiencies identified

6 herein, Plaintiff shall do so within thirty (30) days of the date of this Order.  Failure to meet the

7 thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in

8 this Order will result in a dismissal with prejudice of Plaintiff's claim.  Plaintiff may not add new

9 causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule

10 15 of the Federal Rules of Civil Procedure.

11 **IT IS SO ORDERED.**

13 Dated: January 17, 2017

14 _____

LUCY H. KOH
United States District Judge

Case No. 16-CV-04663-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS